UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-436-RJC
(3:06-cr-364-RJC-1)

| | |
|---|---|
| MARTINEZ ORLANDIS BLACK, | ) |
| Petitioner, | ) |
| v. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on pro se Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].[1] For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which must be dismissed for lack of jurisdiction.

I. BACKGROUND

Petitioner was charged in the underlying criminal case with four counts of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). [3:06-cr-364-RJC ("CR") Doc. 1 (Indictment)]. Petitioner pleaded guilty to Count Four in exchange for the Government's dismissal of the remaining charges. [CR Doc. 14 (Plea Agreement)]. On September 4, 2007, the Court entered a Judgment adjudicating Petitioner guilty of Count Four, dismissing Counts One through Three, and sentencing him to 120 months' imprisonment followed by three years of supervised release. [CR Doc. 18 (Judgment)]. He did not appeal.

Petitioner filed a § 2255 Motion to Vacate in 2009 that was dismissed with prejudice as

---

[1] Attached to the Motion to Vacate is an Application to Proceed in District Court Without Prepaying Fees or Costs. [Doc. 1-1]. The Application is moot, as no filing fee is required to initiate a § 2255 action.

1

time-barred on April 27, 2009, Case No. 3:09-cv-121. Black v. United States, 2009 WL 1165431 (W.D.N.C. April 27, 2009). The Plaintiff filed a Notice of Appeal more than 13 years later on November 17, 2022. [CR Doc. 33]. The Fourth Circuit dismissed the appeal as untimely on March 21, 2023. United States v. Black, 2023 WL 2583967 (4th Cir. March 21, 2023).

Petitioner filed a § 2255 Motion to Vacate on March 21, 2023, Case No. 3:23-cv-183-RJC. [3:23-cv-183, Doc. 1]. On March 31, 2023, the Court ordered the United States to respond to the Motion, noting that it appeared that the Petitioner may be seeking relief pursuant to § 2255 and/or 28 U.S.C. § 2241. [3:23-cv-183, Doc. 2]. On April 19, 2023, the Petitioner filed a Notice of Appeal from his original, underlying September 4, 2007 criminal judgment, Fourth Cir. Case No. 23-4280. [CR Doc. 42]. The Fourth Circuit ordered briefing and appointed counsel to represent Petitioner on appeal. This Court stayed the § 2255 proceedings in Case No. 3:23-cv-183 until the appeal is resolved. [3:23-cv-183, Doc. 4].

Petitioner filed the instant § 2255 Motion to Vacate on July 10, 2023.[2] [Doc. 1]. He argues that his conviction should be vacated pursuant to New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111 (2022).

**II. STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

The instant Motion to Vacate is an unauthorized second or successive § 2255 action over which the Court lacks jurisdiction. Petitioner already filed a § 2255 petition which the Court dismissed and denied in 2009. He recently filed another petition that appears to seek relief pursuant to § 2255 and/or § 2241 which is presently pending, Case No. 3:23-cv-183-RJC.

3

Petitioner has now filed this, his third § 2255 action. However, he does not allege that he has received authorization from the Fourth Circuit to file a second or successive § 2255 petition. A search of PACER reveals that no such authorization has been sought or granted. Nor has the Petitioner sought to amend his petition in Case No. 3:23-cv-183-RJC.[3] Accordingly, the instant petition will be dismissed as an unauthorized second or successive § 2255 Motion to Vacate over which the Court lacks jurisdiction.

### III. CONCLUSION

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable

---

[3] The Court makes no determinations about the merit or procedural viability of any such amendment.

claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: July 24, 2023

Robert J. Conrad, Jr.
United States District Judge

5